(No. 3873

HARRY WILSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1947.*

CLARENCE B. DAVIS, for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Harry Wilson, filed his petition for readjustment of his claim under Section 19, Paragraph H of the Workmen's Compensation Act on February 26, 1947. In an opinion filed November 13, 1945, this Court held that the accident, through which claimant was injured on August 10, 1943, arose out of and in the course

of his employment, and awarded him $1,496.03 for total temporary disability covering a period of 84 6/7 weeks from September 1, 1943 to April 17, 1945, but denied his claim for permanent disability.

Claimant testified at the hearing held before Commissioner Jenkins on June 19, 1947, that he has been unable to work or earn any money since his award; that he has been receiving medical treatment ever since that time; that his physical condition has not improved, but has deteriorated, and he is suffering more; that he can only stay up two or three hours at a time during the day; and that he has been unemployed since the award. Dr. William Henry Wilson testified that he had been treating claimant continuously since January 1947, and on direct examination answered as follows:

Q. As a result of your examination, can you tell the Court what you found in Mr. Wilson's condition?

A. The patient came to me and gave me a history as follows: that on the 10th of August, 1943, while working for the State of Illinois in the Judge's chamber, he was standing on a ladder doing some type of cleaning, and he slipped. He fell about ten feet, his head striking the floor and his back striking a chest of drawers which had been pulled out.

From that time until the present he has been unable to perform any type of significant duty. That was the history he related when he came to me on the 20th of January, 1947.

At the time of the examination, there was revealed marked tenderness at the base of the skull down to about the eighth dorsal vertebra. He was most tender at the point of the eighth dorsal vertebra. There was also a tenderness in the area of the right shoulder.

He stated he had gone to several physicians and osteopathic physicians, and had received various treatments. At the time he came to my office I did not get an X-ray examination, as I figured I would give him treatment and note the response, and get an X-ray check later on if necessary. Finally, on the 16th of May, his condition was apparently getting worse, and I decided to get an X-ray examination. I had taken his word for the fact he had an X-ray examination and nothing significant was shown other than some changes in the right shoulder area.

The X-ray examination at the Memorial Hospital on or about the 16th of May, 1947, revealed an old compression fracture of the eighth dorsal vertebra. There was some caving in of the anterior of the body of the vertebra. There was some slight arthritical indication in the shoulder.

My physical examination after the X-ray examination showed essentially the same clinical finding as my examination of January 20, 1947. He had not responded to treatment, which consisted of diathermy along with massage and intravenous medication such as potassium iodine and colchicine. Despite all of the treatment, there was apparently no favorable result. As a matter of fact, it was noted the patient moved with even more difficulty and was even more careful upon arising from a sitting position.

Basing my observations upon his history and previous treatments, the treatments I gave him, the physical examination and the laboratory study, particularly X-ray examination, it is my opinion that his is a chronic condition, and is a case of total disability, and that the patient would not be able to perform any type of duty because of this.

Q. Would you say, Doctor, in your opinion that this man's condition of disability is progressive?

A. Yes, I would say it is progressive.

Dr. J. J. Pleak, an Osteopathic Physician, who also testified at the original hearing, testified at the hearing on May 6, 1947, that claimant received treatments from him up to January 1947; that he treated him for general neuritis in conjunction with the spine; that it resulted from the injury he received; that he had a traumatic neuritis, which is the hardest one in the whole medical history on which to get results. He also testified that in his opinion claimant could not handle a position of regular employment with regular hours.

It appears from the evidence that the claimant has been unable to pursue any gainful occupation or engage in any compensating employment since the date of his original injury. From the evidence, we concur with the recommendation of Commissioner Jenkins, who personally observed the physical appearance of claimant, that claimant's disability has increased and he is now totally

and permanently disabled as the result of the injury he sustained while employed by respondent on August 10, 1943, and so find.

Claimant also makes claim for medical services in the amount of $99.00, X-rays in the amount of $30.00, and drugs in the amount of $8.28. As he apparently elected to provide for his own medical services, this part of his claim must be denied.

Claimant is entitled to an award under Sec. 8, Par. (f) of the Workmen's Compensation Act, computed in accordance with Sec. 7, Par. (a) of the Act, of $4,000.00 increased by 17½% under Par. (1) or $700.00, a total of $4,700.00. From this must be deducted the sum of $1,496.03 paid through the previous award, which leaves a balance of $3,203.97 payable at his compensation rate of $17.63, and thereafter an annual pension during life in the amount of $376.00 payable at the rate of $31.33 per month.

Harry L. Livingstone, Court Reporter, 1008 Ridgely Building, Springfield, Illinois, has rendered a statement for $40.20 for the taking and transcribing of the evidence. This charge is fair and reasonable.

An award is therefore entered in favor of Harry L. Livingstone for taking and transcribing the testimony in this case in the amount of $40.20, and an award is entered in favor of claimant, Harry Wilson, in the amount of $3,203.97, as follows:

$2,362.42, accrued, is payable forthwith;
$ 841.55, is payable in weekly installments of $17.63 for a period of 47 weeks beginning November 21, 1947, with a final payment of $12.94; thereafter an annual pension of $376.00 payable in monthly installments of $31.33 during the term of his natural life.

The Court hereby retains jurisdiction of this cause for the making of such other and further orders herein

78

that may be necessary in accordance with the provisions of the Workmen's Compensation Act.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."